(113 App. Div. 45)

### RAMSTEDT v. BROOKER et al.

(Supreme Court, Appellate Division, Second Department. May 9, 1906.)

1. CONTRACTS—PERFORMANCE—SUBSTANTIAL PERFORMANCE—SUFFICIENCY.

   A building contract substantially performed, is sufficiently performed to authorize a recovery thereon.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1353, 1362.]

2. SAME.

   The failure of a contractor to put three coats of plaster on the clothes closets' walls in a building in accordance with the contract, was not, as a matter of law, a nonperformance of the contract sufficient to defeat a recovery thereon.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 1353.]

   Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Frank Ramstedt against Frederick W. Brooker and another. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Willoughby B. Dobbs, for appellant.
Douglas Mathewson, for respondents.

GAYNOR, J. The complaint is for the balance due on a building contract. Performance is alleged, and that was the issue tried. I do not see how the justice could direct a verdict for the defendants. A careful reading of the evidence shows that at best for the defendants the question whether the plaintiff had performed was one of fact for the jury. The law is that if the contract was substantially performed that was performance. The jury had to be so charged, and it was for them to say whether there had been a substantial performance. The omission of some small things is not enough to defeat a recovery on a complaint for performance. Such omissions in the case of building contracts may well be inadvertent or in good faith. Here the justice seems to have directed the verdict because some clothes closets did not have three coats of plaster. They were not to be classified with the walls of the house. The omission at

all events cannot be said as matter of law to have been intentional and substantial; that was for the jury.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur, except HIRSCHBERG, P. J., and WOODWARD, J., who dissent.